UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-mj-08140-BER

UNITED STATES OF AMERICA,

v.

VICTOR VAN VICKERY,

        **Defendant**.

_____/

*JOINT* SECOND MOTION TO CONTINUE PRELIMINARY HEARING AND ARRAIGNMENT AND FOR DETERMINATION THAT THE "ENDS OF JUSTICE" WARRANT A TOLLING OF THE SPEEDY INDICTMENT DEADLINE

The United States of America and Defendant Victor Vickery hereby jointly move to continue the Defendant's June 2, 2023 preliminary hearing and arraignment and for a determination by the Court, pursuant to 18 U.S.C. § 3161(h)(7)(A) that the "ends of justice" warrant a further delay in the 30-day requirement for charging the Defendant by information or indictment. The parties request that the preliminary hearing and indictment be continued to **June 30, 2023** and that the speedy indictment clock be tolled through **July 10, 2023**. The grounds for the parties' joint motion are stated below.

BACKGROUND

On March 12, 2023, Mr. Vickery was arrested in Miami, Florida on a criminal complaint charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. The Court held Mr. Vickery's initial appearance on March 13, 2023 and held a report re counsel hearing and status conference regarding bond on March 17, 2023. [D.E. 8 and 10.] The Court set Mr. Vickery's preliminary hearing and arraignment for April 3, 2023. [D.E. 8.] The government's initial deadline for seeking an indictment by grand jury was April 11, 2023.

Following the Defendant's initial appearance, the parties began engaging in discussions to determine if this matter can be resolved short of seeking an indictment. On March 28, 2023, the Government filed an unopposed motion to continue the Defendant's arraignment and preliminary hearing to June 2, 2023 and toll the speedy indictment clock through June 8, 2023. [D.E. 12.] The Court granted the motion on March 29, 2023. [D.E. 13.]

## LEGAL STANDARD

**A.  The 30-Day Speedy Indictment Clock**

The Speedy Trial Act, 18 U.S.C. §§ 3161 – 3174, sets specific time limits in which a federal criminal case must be charged and tried. In particular, 18 U.S.C. § 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *See* 18 U.S.C. § 3161(b).

While the Speedy Trial Act is intended to accelerate the prosecution of criminal cases, its provisions provide flexibility to allow the Court, in the management of the case, to take into account the realities involved during the course of the proceedings. For example, pursuant to 18 U.S.C. § 3161(h)(7)(A), the 30-day deadline for charging an individual by information or indictment may be extended in the following circumstance:

> (h) The following period of delay shall be excluded in computing the time within which an information or indictment must be filed . . . :
>
>> (7)(A) Any period of delay resulting from a continuance *granted by any judge* on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the *ends of justice* served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*See* 18 U.S.C. § 3161(h)(7)(A) (emphasis added).

### B. Preliminary Hearing

Federal Rule of Criminal Procedure 5.1 provides that "[i]f a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless: (1) the defendant waives the hearing; (2) the defendant is indicted; (3) the government files an information under Rule 7(b) charging the defendant with a felony; (4) the government files an information charging the defendant with a misdemeanor; or (5) the defendant is charged with a misdemeanor and consents to trial before a magistrate judge." The preliminary hearing must be held within 14 days when the defendant is in custody and within 21 days when the defendant is not in custody. *See* Fed. R. Crim. P. 5.1(c). However, "[w]ith the defendant's consent and upon a showing of good cause--taking into account the public interest in the prompt disposition of criminal cases--a magistrate judge may extend the time limits in Rule 5.1(c) one or more times." *See* Fed. R. Crim. P. 5.1(d).

## DISCUSSION

As mentioned above, the parties have been actively engaged in discussions to determine if this matter can be resolved short of seeking an indictment and require some additional time to negotiate a potential resolution. Tolling the speedy indictment clock through July 10, 2023 is in the best interest of the parties and the public at large. First, allowing the parties additional time to negotiate a resolution of this matter will give the parties more certainty and control over that process, thereby allowing the opportunity for a resolution of this case which will be mutually satisfactory to the parties. Second, the public's interest is served by granting this motion because a resolution that avoids indictment necessarily preserves prosecutorial resources. Furthermore, potentially resolving a case by information and plea agreement will avoid the need for a trial,

thereby preserving finite judicial and public resources. Ultimately, the public interest will be served by granting this motion.

The Defendant and his counsel have executed a second Waiver of Right to Speedy Indictment and Consent to Continuance of Preliminary Hearing. *See* Exhibit A.

WHEREFORE, the parties respectfully requests that the Court: (i) make a determination that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the parties' request to toll the speedy indictment clock up through and including **July 10, 2023**, outweigh the interest of the public and the Defendant in charging the Defendant by information or indictment within 30 days of his arrest, as required by 18 U.S.C. § 3161(b); and (ii) continue the Defendant's preliminary hearing and arraignment to on or after **June 30, 2023** based on a finding that good cause exists for a continuance under Fed. R. Crim. P. 5.1(d).

(Continued on next page.)

After reviewing a draft of this motion, defense counsel authorized the Government to file this joint motion on behalf of the parties.

Dated: May 31, 2023

                                        Respectfully submitted,

                                        MARKENZY LAPOINTE
                                        UNITED STATES ATTORNEY

                                        GLENN S. LEON
                                        U.S. DEPARTMENT OF JUSTICE
                                        CRIMINAL DIVISION, FRAUD SECTION

By:    */s/ Andrea Savdie*
        ANDREA SAVDIE
        Trial Attorney
        FL Special Bar No. A5502799
        U.S. Department of Justice
        Criminal Division, Fraud Section
        12020 Miramar Parkway
        Miramar, Florida 33025
        Phone: (202) 262-6453
        Andrea.Savdie@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on May 31, 2023, I electronically filed the foregoing document onto the Court's CM/ECF system.

                                        */s/ Andrea Savdie*
                                        Trial Attorney
                                        U.S. Department of Justice