UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-mj-08140-BER

UNITED STATES OF AMERICA,

v.

VICTOR VAN VICKERY,

          **Defendant**.

_____/

### *JOINT* MOTION TO CONTINUE ARRAIGNMENT AND FOR TOLLING OF THE SPEEDY INDICTMENT DEADLINE

The United States of America and Defendant Victor Vickery hereby jointly move to continue the Defendant's June 30, 2023 arraignment and for a determination by the Court, pursuant to 18 U.S.C. § 3161(h)(7)(A) that the "ends of justice" warrant a brief further delay in the 30-day requirement for charging the Defendant by information or indictment. The parties request that the arraignment be continued to **July 20, 2023** and that the speedy indictment clock be tolled through that date.[1]

### BACKGROUND

On March 12, 2023, Mr. Vickery was arrested in Miami, Florida on a criminal complaint charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. The Court held Mr. Vickery's initial appearance on March 13, 2023 and held a report re counsel hearing and status conference regarding bond on March 17, 2023. [D.E. 8 and 10.] Following the Defendant's initial appearance, the parties began engaging in discussions to determine if this matter can be resolved short of seeking an indictment. The Court granted two motions from the

---

[1] The Defendant has agreed to waive his preliminary hearing pursuant to Fed. R. of Crim. P. 5.1. The parties will file the Defendant's signed waiver with the Court in advance of the currently scheduled June 30, 2023 preliminary hearing.

parties to continue the Defendant's arraignment and preliminary hearing and to toll the speedy indictment deadline. [D.E. 12-15.] Currently, the Defendant's arraignment and preliminary hearing are set for June 30, 2023, and the speedy indictment deadline is tolled through July 10, 2023. [D.E. 15.]

## **LEGAL STANDARD**

The Speedy Trial Act, 18 U.S.C. §§ 3161 – 3174, sets specific time limits in which a federal criminal case must be charged and tried. In particular, 18 U.S.C. § 3161(b) provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *See* 18 U.S.C. § 3161(b).

While the Speedy Trial Act is intended to accelerate the prosecution of criminal cases, its provisions provide flexibility to allow the Court, in the management of the case, to take into account the realities involved during the course of the proceedings. For example, pursuant to 18 U.S.C. § 3161(h)(7)(A), the 30-day deadline for charging an individual by information or indictment may be extended in the following circumstance:

> (h) The following period of delay shall be excluded in computing the time within which an information or indictment must be filed . . . :
>
> > (7)(A) Any period of delay resulting from a continuance *granted by any judge* on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the *ends of justice* served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*See* 18 U.S.C. § 3161(h)(7)(A) (emphasis added).

## **DISCUSSION**

The parties have been actively engaged in discussions to resolve this matter short of seeking an indictment and require some additional time to finalize a resolution, plea agreement, and information. Tolling the speedy indictment clock through July 20, 2023 is in the best interest of the parties and the public at large. First, allowing the parties additional time to negotiate a resolution of this matter will give the parties more certainty and control over that process, thereby allowing the opportunity for a resolution of this case which will be mutually satisfactory to the parties. Second, the public's interest is served by granting this motion because a resolution that avoids indictment necessarily preserves prosecutorial resources. Furthermore, potentially resolving a case by information and plea agreement will avoid the need for a trial, thereby preserving finite judicial and public resources. Ultimately, the public interest will be served by granting this motion.

WHEREFORE, the parties respectfully request that the Court: (i) make a determination that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the parties' request to toll the speedy indictment clock up through and including **July 20, 2023**, outweigh the interest of the public and the Defendant in charging the Defendant by information or indictment within 30 days of his arrest, as required by 18 U.S.C. § 3161(b); and (ii) continue the Defendant's arraignment to on or after **July 20, 2023**.

(Continued on next page.)

After reviewing a draft of this motion, defense counsel authorized the Government to file this joint motion on behalf of the parties.

Dated: June 29, 2023

                                                          Respectfully submitted,

                                                          MARKENZY LAPOINTE
                                                          UNITED STATES ATTORNEY

                                                          GLENN S. LEON
                                                          U.S. DEPARTMENT OF JUSTICE
                                                          CRIMINAL DIVISION, FRAUD SECTION

By:    */s/ Andrea Savdie*
          ANDREA SAVDIE
          Trial Attorney
          FL Special Bar No. A5502799
          U.S. Department of Justice
          Criminal Division, Fraud Section
          12020 Miramar Parkway
          Miramar, Florida 33025
          Phone: (202) 262-6453
          Andrea.Savdie@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on June 29, 2023, I electronically filed the foregoing document onto the Court's CM/ECF system.

                                                           */s/ Andrea Savdie*
                                                           Trial Attorney
                                                           U.S. Department of Justice