Sealed

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80140 cr-RLR

UNITED STATES OF AMERICA

v.

VICTOR VAN VICKERY,

Defendant.

_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Defendant Victor Van Vickery (hereinafter referred to as the "Defendant" or "Vickery") hereby acknowledges and agrees that, if this case were to go to trial, the United States would establish and prove the following facts beyond a reasonable doubt:

Beginning in or around at least August 2018, and continuing through in or around February 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with Conspirator 1, Conspirator 2, and others, in violation of Title 18, United States Code, Section 1349, to commit health care fraud, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

The Medicare Program ("Medicare") was a federal health care program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries." Medicare programs covering different types of benefits were separated into different program "parts." "Part B" of Medicare covered, among other things, durable medical equipment ("DME"), including certain orthotic devices, such as knee braces, back braces, shoulder braces, and wrist braces that were medically necessary. Medicare Part C, also known as "Medicare Advantage," provided Medicare beneficiaries with the option to receive their Medicare benefits through private managed health care plans ("Medicare Advantage Plans"), including health maintenance organizations and preferred provider organizations. Medicare Part D covered prescription drugs. Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

TB Interests LLC ("TB Interests") was a company formed under the laws of Texas with its principal place of business in Archer City, Texas. TB Interests was owned by the Defendant and Conspirator 1, and purportedly provided marketing services.

DME Company 1, DME Company 2, and DME Company 3 were companies formed or incorporated under the laws of Florida with their principal places of business in Stuart, Florida. Conspirator 1 was the listed owner of DME Company 1, DME Company 2, and DME Company 3, which were DME suppliers that purportedly provided braces to patients, including Medicare beneficiaries.

DME Company 4 was a company formed under the laws of Florida with its principal place of business in Delray Beach, Florida. DME Company 4 was a DME supplier that purportedly

provided braces to patients, including Medicare beneficiaries.

DME Company 5 was a company formed under the laws of Maryland with its principal place of business in Glen Burnie, Maryland. DME Company 5 was a DME supplier that purportedly provided braces to patients, including Medicare beneficiaries.

To accomplish the scheme, the Defendant and Conspirator 1 agreed to pay kickbacks and bribes to Conspirator 2, who operated offshore call centers that used high-pressure and deceptive tactics to get Medicare beneficiaries to accept medically unnecessary DME and prescription drugs. In exchange for the kickbacks and bribes, Conspirator 2 provided Defendant and Conspirator 1 with patient information and doctors' orders necessary to bill Medicare and Medicare Part D drug plans for DME and prescription drugs that were medically unnecessary and ineligible for reimbursement by Medicare. The Defendant and Conspirator 1 also purchased doctors' orders for DME and prescription drugs from purported telemedicine companies. The Defendant and Conspirator 1 knew that, in many instances, the doctors who purportedly prescribed the DME had no valid physician-patient relationship with the Medicare beneficiaries who received the braces and prescription drugs and did not examine the beneficiaries to determine whether the prescribed DME was medically necessary.

The Defendant and Conspirator 1 used some of the doctors' orders purchased from Conspirator 2 and from purported telemedicine companies to bill Medicare for medically unnecessary DME through DME Company 1, DME Company 2, DME Company 3, DME Company 4, and DME Company 5. The Defendant and Conspirator 1 also sold doctors' orders for medically unnecessary DME and prescription drugs to other DME suppliers, pharmacies, and marketers in exchange for kickbacks and bribes.

The Defendant and his co-conspirators caused DME companies and pharmacies to submit to Medicare at least approximately $23,527,581 in false and fraudulent claims for DME and prescription drugs that were medically unnecessary, ineligible for reimbursement, and procured through the payment of illegal kickbacks and bribes. Medicare paid the DME companies and pharmacies at least $10,526,803 as a result of these false and fraudulent claims. The Defendant personally received approximately $2,583,332 as a result of his participation in the scheme. The Defendant and his co-conspirators diverted the fraudulent proceeds of this criminal activity for their personal use and benefit, the use and benefit of others, and to further the fraud.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

GLENN S. LEON, CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 10/25/2023          By: _____
                              ANDREA SAVDIE
                              TRIAL ATTORNEY
                              CRIMINAL DIVISION, FRAUD SECTION

Date: 4/4/23              By: _____
                              VICTOR VAN VICKERY
                              DEFENDANT

                          Page 4 of 5

Date: _8-9-23_          By: _____

JOSHUA D. RYDELL
COUNSEL FOR DEFENDANT