UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   9:23-cr-80140-RLR

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

vs.

**VICTOR VAN VICKERY**
        **Defendant.**
_____/

**DEFENDANT VICTOR VAN VICKERY'S
FIRST SENTENCING MEMORANDUM AND OBJECTIONS TO
PRESENTENCE INVESTIGATION REPORT**

Defendant Victor Van Vickery respectfully submits this memorandum with respect to the sentencing scheduled on February 9th, 2024. While highlighting several facts and clarifying others, this submission will not attempt to replicate the comprehensive and well-prepared Pre-Sentence Investigation Report ("PSI) that is already before the Court.

**Sentencing Options**

As a result of the Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Sentencing Guidelines are now "effectively advisory" in all cases. Id, at 757. The result is that a District Court must now "consider guideline ranges", but may "tailor the sentencing in light of other statutory concerns as well." Id. at 757. Thus under *Booker*, sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a). The basic mandate and overriding principle of §3553(a) requires a District Court to impose a sentence "sufficient, but not greater than necessary, "to comply with the four purposes of sentencing set forth in §3553(a)(2):

    (a)    to reflect the seriousness of the offense, to promote

1

respect for the law, and to provide just punishment for the offense;

(b) to afford adequate deterrence to criminal conduct;

(c) to protect the public from further crimes of the defendant; and,

(d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining what sentence is sufficient, "but not greater than necessary" to comply with § 3553(a)(2) purposes of sentencing, the sentencing court is further directed to consider the following factors:

(1) "The nature and circumstances of the offense and the history and characteristics of the defendant";

(2) "The kinds of sentences available";

(3) "The Guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range;

(4) "The need to avoid unwarranted sentencing disparity among defendants who have been found guilty of similar conduct", and

(5) "The need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3)-(7)."

Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. However, what is clear is that all of these factors are subservient to § 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing. A sentencing court is further guided by 18 U.S.C. § 3582, which provides that in determining whether and to what

extent imprisonment is appropriate based on the § 3553(a) factors, the judge is required to "recognize that **imprisonment is not an appropriate means of promoting correction and rehabilitation**" (emphasis added).

### Objections to the Presentence Investigation Report

As to paragraphs 28, 38 and 101 of the PSR, Mr. Vickery objects to the failure to recommend a three-level reduction for his acceptance of responsibility, as agreed to and contemplated by the parties in the written plea agreement. The undersigned will be requesting additional time to present additional objections.

### Background

The Defendant was born and raised in Boynton Beach Florida to Charles Vickery and Lisa Vickery, who currently reside in Lake Worth Florida. Victor has a supportive relationship with his parents. Unfortunately, his father is currently suffering from lung cancer and is seriously ill. Victor has one full sister who resides in Orlando Florida and two paternal half siblings who reside in Chapel Hill North Carolina. Victor has a girlfriend, Dana Pessoa, who he has dated since 2019 and she has a child (prior relationship) who they care for on weekends. Victor has a one-year-old child (prior relationship), Victoria Vickery. At a young age, Victor was diagnosed with attention deficit disorder and currently suffers from insomnia and anxiety. With a looming Federal Prison Sentence, Mr. Vickery made a choice to immediately accept responsibility in the instant case.

### Request for Variance

Victor Van Vickery requests this Court grant a variance in its imposition of sentence. The factors highlighted support that request and are the Characteristics of the

Defendant, Family Circumstances, and the Nature of the Offense. As all parties have agreed, the court is not bound be any statutory minimum mandatory sentencing parameters.

## Conclusion

Victor Van Vickery is deeply remorseful. He seeks the Court's consideration of these and other relevant circumstances in the hope the court uses its discretion as highlighted above and imposes a sentence it sees fit. The undersigned is also respectfully requesting the sentencing be reset so additional sentencing factors and objections can be presented with the court.

## Request for Substance Abuse Treatment

Victor Van Vickery respectfully requests the court order any and all substance abuse treatment if the court imposes an incarceration sentence.

>The Law Offices of Joshua D. Rydell
>Attorney for Defendant
>111 SW 6th Street
>Fort Lauderdale, Florida 33301
>Phone  (954) 779-1711
>Fax     (954) 779-1714
>
>By: /s/ Joshua Rydell
>   Joshua D. Rydell
>   Florida Bar No: 28372

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk using CM/ECF and furnished to all parties of record registered with the CM/ECF system on this 5th day of February, 2024.

The Law Offices of Joshua D. Rydell
Attorney for Defendant
111 SW 6th Street
Fort Lauderdale, Florida 33301
Phone  (954) 779-1711
Fax     (954) 779-1714

By: /s/ Joshua Rydell
    Joshua D. Rydell
    Florida Bar No: 28372