UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80140-ROSENBERG

UNITED STATES OF AMERICA

v.

VICTOR VAN VICKERY,

               Defendant.

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America, by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Victor Van Vickery in the above-captioned matter.  The United States seeks a forfeiture money judgment in the amount of $2,583,332 and the forfeiture of real property located at 2055 NW 9th Street, Delray Beach, Florida 33445.  In support of this motion, the United States provides the following factual and legal bases.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 14, 2023, the United States filed an Information charging the Defendant with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  Information, ECF No. 20.  The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of

the offense.  *See id.*

The United States has since identified the following additional assets subject to forfeiture:

    i.   Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon, more particularly described as:

    Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.

*See* Notice of Lis Pendens, ECF No. 28.

In October 2022, the Court accepted the Defendant's guilty plea to the Information.  *See* Plea Agreement, ECF No. 35.  As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $2,583,332 and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).  In addition, the Defendant has agreed to the entry of a forfeiture order of the following directly forfeitable property, in part, and as a substitute asset, in part:

    i.   Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon, more particularly described as:

    Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.

*See* 02/09/2024 E-mail correspondence (on file with Government counsel).

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction.  *See* Factual Proffer, ECF No. 36.  The Factual Proffer also provided a basis for the forfeiture of property.  *See id.*  The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition.  *See* Presentence Investigation Report, ECF

No. 46.

## II.   MEMORANDUM OF LAW

### A.  Directly Forfeitable Property

Any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a federal health care offense is subject to forfeiture. 18 U.S.C. § 982(a)(7).  In a health care fraud case, gross proceeds constitute the entire amount received by a defendant as a result of the fraudulent scheme.  *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-46 (11th Cir. 2009) (upholding forfeiture money judgment that included not only Medicare reimbursements but also sums paid by private insurance companies and patients because "but for [the defendant's] Medicare fraud, she would not have been entitled to collect these sums from the companies and patients"); *United States v. Saoud*, 595 F. App'x 182, 193 (4th Cir. 2014) ("'[G]ross proceeds' is properly interpreted to include the total amount of money brought in through the fraudulent activity, with no costs deducted or set-offs applied.") (quoting *United States v. Poulin*, 461 F. App'x 272, 288 (4th Cir. 2012)).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence.  *See* 18 U.S.C. § 982(a)(7).  Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

3

Fed. R. Crim. P. 32.2(b)(2)(A).  To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminary forfeited, in third-party ancillary proceedings.  *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

### B.  Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment.  *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases").  The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents."  *See* Fed. R. Crim. P. 32.2(b)(4)(A).  No ancillary proceeding is required when forfeiture consists solely of a money judgment.  *See* Fed. R. Crim. P. 32.2(c)(1).  As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property.  *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing.  *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order.").  The Court determines the amount of the money judgment

"based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

### C.  Substitute Property

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, directly forfeitable property:

> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### D.  Property Subject to Forfeiture in Instant Criminal Case

As set forth in the Factual Proffer, the Defendant and Conspirator 1 owned TB Interests LLC, which purportedly provided marketing services. ECF No. 36. The Defendant and

Conspirator 1 agreed to pay kickbacks and bribes to Conspirator 2, who operated offshore call centers that used high-pressure and deceptive tactics to get Medicare beneficiaries to accept medically unnecessary DME and prescription drugs. *Id.* In exchange for the kickbacks and bribes, Conspirator 2 provided Defendant and Conspirator 1 with patient information and doctors' orders necessary to bill Medicare and Medicare Part D drug plans for DME and prescription drugs that were medically unnecessary and ineligible for reimbursement by Medicare. *Id.* The Defendant and Conspirator 1 also purchased doctors' orders for DME and prescription drugs from purported telemedicine companies. *Id.* The Defendant and Conspirator 1 knew that, in many instances, the doctors who purportedly prescribed the DME had no valid physician-patient relationship with the Medicare beneficiaries who received the braces and prescription drugs and did not examine the beneficiaries to determine whether the prescribed DME was medically necessary. *Id.*

The Defendant and Conspirator 1 used some of the doctors' orders purchased from Conspirator 2 and from purported telemedicine companies to bill Medicare for medically unnecessary DME through DME Company 1, DME Company 2, DME Company 3, DME Company 4, and DME Company 5. *Id.* The Defendant and Conspirator 1 also sold doctors' orders for medically unnecessary DME and prescription drugs to other DME suppliers, pharmacies, and marketers in exchange for kickbacks and bribes. *Id.*

The Defendant and his co-conspirators caused DME companies and pharmacies to submit to Medicare at least approximately $23,527,581 in false and fraudulent claims for DME and prescription drugs that were medically unnecessary, ineligible for reimbursement, and procured through the payment of illegal kickbacks and bribes. *Id.* Medicare paid the DME companies and pharmacies at least $10,526,803 as a result of these false and fraudulent claims. *Id.* The Defendant

personally received approximately $2,583,332 in proceeds as a result of his participation in the scheme. *Id.* The Defendant and his co-conspirators diverted the fraudulent proceeds of this criminal activity for their personal use and benefit, the use and benefit of others, and to further the fraud. *Id.*

As set forth in the attached declaration of FBI Special Agent Kristin Bailey, the Defendant purchased real property at 2055 NW 9th Street, Delray Beach, Florida, in part with directly traced criminal proceeds and in part with other funds. *See* FBI SA Bailey's Decl., attached hereto as Exhibit A. The Government seeks to forfeit that real property in this motion as a direct asset in part and as a substitute asset in part. On or about June 21, 2019, the Defendant sent a wire from his Regions Bank account ending in 2424 to a title company to purchase real property located at 2055 NW 9th Street. *Id.* The wire for the payment included at least $54,626.93 traced to proceeds from the offense conduct, along with other funds. *Id.*

Based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $2,583,332, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following real property is directly subject to forfeiture in part for the $54,626.93 traced into its purchase, pursuant to 18 U.S.C. § 982(a)(7). The United States has not been able to locate all the directly forfeitable property and it is the conclusion of Special Agent Bailey that other directly forfeitable property cannot be located upon the exercise of due diligence; it has been transferred or sold to, or deposited with, a third party; or it has been placed beyond the jurisdiction of the Court. *See* Ex. A. Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property and the following

property should be forfeited in part to satisfy the forfeiture money judgment, along with it being forfeited in part as directly subject to forfeiture under 18 U.S.C. § 982(a)(7):

> i. Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon:
>
> Also known as: Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.
>
> Parcel Identification No. 12-43-46-07-08-000-0150.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853(p), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## **LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mails exchanged between February 6, 2024, and February 9, 2024, and a telephone call on February 8, 2024, and there is no opposition to the relief sought.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:     *s/ G. Raemy Charest-Turken*

Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov