UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80140-ROSENBERG

UNITED STATES OF AMERICA

v.

VICTOR VAN VICKERY,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Victor Van Vickery (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On August 14, 2023, the United States filed an Information charging the Defendant with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. Information, ECF No. 20. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. *See id.*

The United States has since identified the following additional assets subject to forfeiture:

    i.    Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon, more particularly described as:

        Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as

    recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.

*See* Notice of Lis Pendens, ECF No. 28.

  In October 2022, the Court accepted the Defendant's guilty plea to the Information. *See* Plea Agreement, ECF No. 35. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $2,583,332 and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). In addition, the Defendant has agreed to the entry of a forfeiture order of the following directly forfeitable property, in part, and as a substitute asset, in part:

   i. Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon, more particularly described as:

    Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.

*See* 02/09/2024 E-mail correspondence (on file with Government counsel).

  In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 36. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, ECF No. 46.

  As set forth in the Factual Proffer, the Defendant and Conspirator 1 owned TB Interests LLC, which purportedly provided marketing services. ECF No. 36. The Defendant and Conspirator 1 agreed to pay kickbacks and bribes to Conspirator 2, who operated offshore call centers that used high-pressure and deceptive tactics to get Medicare beneficiaries to accept medically unnecessary DME and prescription drugs. *Id.* In exchange for the kickbacks and bribes,

Conspirator 2 provided Defendant and Conspirator 1 with patient information and doctors' orders necessary to bill Medicare and Medicare Part D drug plans for DME and prescription drugs that were medically unnecessary and ineligible for reimbursement by Medicare. *Id.* The Defendant and Conspirator 1 also purchased doctors' orders for DME and prescription drugs from purported telemedicine companies. *Id.* The Defendant and Conspirator 1 knew that, in many instances, the doctors who purportedly prescribed the DME had no valid physician-patient relationship with the Medicare beneficiaries who received the braces and prescription drugs and did not examine the beneficiaries to determine whether the prescribed DME was medically necessary. *Id.*

The Defendant and Conspirator 1 used some of the doctors' orders purchased from Conspirator 2 and from purported telemedicine companies to bill Medicare for medically unnecessary DME through DME Company 1, DME Company 2, DME Company 3, DME Company 4, and DME Company 5. *Id.* The Defendant and Conspirator 1 also sold doctors' orders for medically unnecessary DME and prescription drugs to other DME suppliers, pharmacies, and marketers in exchange for kickbacks and bribes. *Id.*

The Defendant and his co-conspirators caused DME companies and pharmacies to submit to Medicare at least approximately $23,527,581 in false and fraudulent claims for DME and prescription drugs that were medically unnecessary, ineligible for reimbursement, and procured through the payment of illegal kickbacks and bribes. *Id.* Medicare paid the DME companies and pharmacies at least $10,526,803 as a result of these false and fraudulent claims. *Id.* The Defendant personally received approximately $2,583,332 in proceeds as a result of his participation in the scheme. *Id.* The Defendant and his co-conspirators diverted the fraudulent proceeds of this criminal activity for their personal use and benefit, the use and benefit of others, and to further the fraud. *Id.*

As set forth in the attached declaration of FBI Special Agent Kristin Bailey, the Defendant purchased real property at 2055 NW 9th Street, Delray Beach, Florida, in part with directly traced criminal proceeds and in part with other funds. *See* FBI SA Bailey's Decl., attached hereto as Exhibit A. The Government seeks to forfeit that real property in this motion as a direct asset in part and as a substitute asset in part. On or about June 21, 2019, the Defendant sent a wire from his Regions Bank account ending in 2424 to a title company to purchase real property located at 2055 NW 9th Street. *Id.* The wire for the payment included at least $54,626.93 traced to proceeds from the offense conduct, along with other funds. *Id.*

Based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $2,583,332, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following real property is directly subject to forfeiture in part for the $54,626.93 traced into its purchase, pursuant to 18 U.S.C. § 982(a)(7). The United States has not been able to locate all the directly forfeitable property and it is the conclusion of Special Agent Bailey that other directly forfeitable property cannot be located upon the exercise of due diligence; it has been transferred or sold to, or deposited with, a third party; or it has been placed beyond the jurisdiction of the Court. *See* Ex. A. Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property and the following property should be forfeited in part to satisfy the forfeiture money judgment, along with it being forfeited in part as directly subject to forfeiture under 18 U.S.C. § 982(a)(7):

    i.    Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon:

        Also known as: Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm

>   Beach County, Florida.
>
>   Parcel Identification No. 12-43-46-07-08-000-0150.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $2,583,332 is hereby entered against the Defendant.

2. Pursuant to 18 U.S.C. § 982(a)(7), the following specific property is hereby forfeited for the $54,626.93 traced into its purchase, and vested in the United States of America:

>   i. Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon:
>
>   Also known as: Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.
>
>   Parcel Identification No. 12-43-46-07-08-000-0150.

3. Pursuant to 21 U.S.C. § 853(p), the following substitute property, to the extent not forfeited in the previous paragraph as specific property, is hereby forfeited and vested in the United States of America:

>   i. Real property located at 2055 NW 9th Street, Delray Beach, Florida 33445, including all buildings, improvements, fixtures, attachments and easements therein or thereon:
>
>   Also known as: Lot 15, RAINBERRY LAKE PHASE 2, according to the plat thereof, as recorded in Plat Book 37, Page 94 of the Public Records of Palm Beach County, Florida.
>
>   Parcel Identification No. 12-43-46-07-08-000-0150.

4. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

5. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

6. If, however, pursuant to 28 U.S.C. § 524(c)(1)(D) and 28 CFR § 0.111(i), the United States intends to pay valid liens on forfeited property in full, then the United States is not required to send notice to those lienholders.

7. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

8. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

9. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose

of the property in accordance with applicable law.

**DONE AND ORDERED** in West Palm Beach, Florida, this _____ day of February 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE